UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| LISA D. HOGSHEAD, | ) | Case No.: 05-30331 |
| Debtor. | ) | |
| | ) | Adv. No.:  10- |
| LISA D. HOGSHEAD, | ) | |
| Plaintiff, | ) | Chapter 13 |
| vs. | ) | |
| | ) | |
| GE MONEY BANK, | ) | |
| Defendant. | ) | |

**COMPLAINT FOR SANCTIONS,
ACTUAL DAMAGES, PUNITIVE DAMAGES AND FEES**

COMES NOW BEFORE THIS COURT, Debtor, Lisa D. Hogshead, by and through her

attorneys, Law Offices of Mueller and Haller, L.L.C., and for her Complaint for Sanctions, Actual

Damages, Punitive Damages and Fees states as follows:

**Introduction**

1.      This is an action for actual and punitive damages filed by the Plaintiff for the

failure of Defendant to release its lien on the title to a motor vehicle.

2.      This action is also filed to enforce the Order of Confirmation duly entered in this

Chapter 13 case, the Order of Discharge duly entered in this case, and to enforce and to

implement other Bankruptcy Code provisions and rules related thereto, and to prevent an abuse

of process and to preclude the frustration of the orderly discharge of the claims in this case.

**Jurisdiction**

3.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334

of Title 28 of the United States Code in that this proceeding arises in and is related to the above-

captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

1

4.       This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5.       Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

6.       This matter is a non-core proceeding and the Plaintiff consents to the entry of a final order in this proceeding by the Bankruptcy Judge.

**Parties**

7.       The Plaintiff in this case was a Debtor under Chapter 13.

8.       The creditor, GE Money Bank, is a corporation organized and existing under the laws of Delaware and does business in the State of Illinois.

9.       Before the commencement of the Chapter 13 case, the Plaintiff pledged security in a 2003 Honda 4-Wheeler to GE Money Bank as and for a lien on the vehicle and GE Money Bank had its security interest duly perfected by having its lien noted on the title to the vehicle issued by the Illinois Department of Motor Vehicles. The account was assigned the number xxxxxxxxxxxx2657 by GE Money Bank. This claim was treated under the confirmed plan as a secured claim.

10.       The Chapter 13 case of the Plaintiff herein was commenced by the filing of a voluntary petition with the Clerk of this Court on January 26, 2005.

11.       The 341(a) meeting of creditors in this case was held in East St. Louis, Illinois on March 29, 2005.

12.       The Chapter 13 plan of the Plaintiff herein was subsequently confirmed by order of this Court filed and entered on May 10, 2005.  The confirmation order provided in pertinent

2

part that all "lienholders" could "retain their liens pending payoff or discharge."

13.     GE Money Bank received a "filed" copy of the Order of Confirmation.

14.     GE Money Bank filed a sworn Proof of Claim in this case with the Chapter 13 Trustee listing a total amount of $5,489.28, with $3,260.00 of that amount listed as secured.

15.     Plaintiff filed an objection to this Proof of Claim and on April 8, 2005 an order was entered allowing the claim as secured in the amount of $1,000.00, with the remainder as unsecured.

16.     The monthly payments from the Trustee on GE Money Bank's allowed secured claim of $1,000.00 at 6.25% interest were mailed to GE Money Bank, PO Box 960061, Orlando, Florida 32896.

17.     The Plaintiff made all of the required Chapter 13 plan payments and duly completed her Chapter 13 plan.  As a result, a final Discharge Order was duly entered by this Court on January 25, 2010.  The Discharge Order provided in pertinent part that the Plaintiff herein was "discharged from all debts provided for by the plan."  The Plaintiff avers that this discharge extended to and included the balance of the debt to GE Money Bank.

18.     On or about March 18, 2010, the Plaintiff's attorney caused a demand for the release of the lien on the title to be sent to GE Money Bank at the address listed on the proof of claim.  Said title demand is attached hereto as Exhibit 1 and is incorporated herein by this reference.

19.     To date, neither the Plaintiff nor her attorney has received the title to the subject vehicle with the lien released.

20.     As a result of the conduct of GE Money Bank, the Plaintiff filed a Motion to

Reopen this case with this Court, to pursue "discharge violations and other relief against creditors in this proceeding."

21.     Under Section 350(b) of the Code "a case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtors, or for other cause." This case was reopened for all of the reasons provided for in the said Code section.

22.     The violations of the non-bankruptcy laws as alleged herein further justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

### COUNT I – VIOLATION OF THE DISCHARGE INJUNCTION

23.     The allegations in paragraphs 1 through 22 of this motion are realleged and incorporated herein by this reference.

24.     The actions of GE Money Bank after receiving notice of the order of discharge entered on January 25, 2010 constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. Section 524.

25.     As a result of the failure of GE Money Bank to release its lien on the title to the subject motor vehicle the Plaintiff has found it necessary to devote countless and unnecessary hours to her efforts to secure such title and that all of this time was unwarranted and unnecessary.

26.     The Plaintiff has worried about this situation and has feared that the Defendant had some improper motive for holding the said title.

27.     The conduct of GE Money Bank in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

4

28.     As a result of the above violation of 11 U.S.C. Section 524 the Defendant is liable to the Plaintiff for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

29.     In order to protect debtors who have completed their Chapter 13 plans and secured a full discharge thereunder, this Court should impose sanctions against the Defendant for its misconduct in this case.

### COUNT II – VIOLATION OF THE CONFIRMATION ORDER

30.     The allegations in paragraphs 1 through 29 of this motion are realleged and incorporated herein by this reference.

31.     The Confirmation Order in this case permitted GE Money Bank to retain the title to the vehicle "pending discharge" of its debt in this case.

32.     The Confirmation Order imposed an affirmative duty on GE Money Bank to release its lien on the title to the vehicle and to deliver the said title to the Plaintiff upon entry of the Discharge Order.

33.     The failure of GE Money Bank to provide an accurate release of its lien on the said title and to deliver the title to the Plaintiff in a timely manner post-discharge was and is in violation of the Confirmation Order in this case.

34.     As a result, the Plaintiff is entitled to the recovery of actual damages, punitive damages and legal fees pursuant to 11 USC § 105.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendant respectfully prays of the Court as follows:

A.     That the Plaintiff has and recovers against the Defendant a sum to be determined

5

by the Court in the form of actual damages;

B.    That the Plaintiff has and recovers against the Defendant to be determined by the

Court in the form of punitive damages;

C.    That the Plaintiff has and recovers against the Defendant all reasonable legal fees

and expenses incurred by his attorney;

D.    That this Court enter a standing order requiring all applicable secured creditors to

comply with the provisions of 625 ILCS 5/3-205 within 14 days of the service of

the discharge order in all Chapter 13 cases or to be subject to civil sanctions for

contempt of court;

E.    That the Defendant be required to pay to the Plaintiff as an additional damage

award in this case all funds received from the Chapter 13 Trustee during the

pendency of the plan in this case;

F.    That the Plaintiff has such other and further relief as the Court may deem just and

proper.

Dated this, the 2nd day of July, 2010.


/s/ William A. Mueller
William A. Mueller, #06187732
James J. Haller, #06226796
Attorneys for the Plaintiff
5312 West Main Street
Belleville, IL 62226
Phone (618) 236-7000

## NOTICE OF ELECTRONIC FILING AND
## CERTIFICATE OF SERVICE BY MAIL

| STATE OF ILLINOIS | ) | | Case No.: 05-30331 |
|---|---|---|---|
| | ) | SS | Adv. No.: 10- |
| CITY OF BELLEVILLE | ) | | Chapter    13 |

Jennifer Schweiger, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in St. Clair County, Illinois.

On July 2, 2010, Deponent electronically filed with the Clerk of the U S Bankruptcy Court the **Complaint for Sanctions, Actual Damages, Punitive Damages and Fees**.

The Deponent served electronically the **Complaint for Sanctions, Actual Damages, Punitive Damages and Fees** to the following parties:

U S Trustee

U S Bankruptcy Court

Russell C. Simon

and served by **certified** mail to the following parties:

| GE Money Bank | GE Money Bank | GE Money Bank |
|---|---|---|
| GE Consumer Finance | The Corporation Trust Co. | c/o Mark Begor |
| PO Box 960061 | Corporation Trust Center | 901 Main Ave. |
| Orlando, FL 32896 | 1209 Orange St. | Norwalk, CT 06851 |
| | Wilmington, DE 19801 | |

by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

By: /s/ Jennifer Schweiger

7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

IN RE:                                          In Proceedings Under
                                                Chapter 13
LISA D. HOGSHEAD,
      Plaintiff,                            BK No.: 05-30331
and
GE MONEY BANK,                                  Adv. No.:  10-
      Defendant.

**SUMMARY OF EXHIBITS**

    The following exhibit pertains to the Motion for Sanctions, Actual Damages, Punitive Damages

and Fees filed by Lisa D. Hogshead on July 2, 2010:

    1.  Demand for the release of the lien on the title to be sent to GE Money Bank.


                    /s/ William A. Mueller
                    William A. Mueller, #06187732
                    James J. Haller, #06226796
                    Attorneys for the Plaintiff
                    5312 West Main Street
                    Belleville, IL 62226
                    Phone (618) 236-7000


**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and accurate copy of all exhibits listed above
were deposited in the United States mail, first class, postage prepaid, on July 2, 2010 addressed
to the following:

| GE Money Bank<br>GE Consumer Finance<br>PO Box 960061<br>Orlando, FL 32896 | GE Money Bank<br>The Corporation Trust Co.<br>Corporation Trust Center<br>1209 Orange St.<br>Wilmington, DE 19801 | GE Money Bank<br>c/o Mark Begor<br>901 Main Ave.<br>Norwalk, CT 06851 |
| --- | --- | --- |

                    /s/ Jennifer Schweiger